UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER, JR. ,

    Plaintiff,

v.                                                             Case No: 8:18-cv-2000-T-36JSS

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

# **O R D E R**

This matter comes before the Court upon the Plaintiff's Motion for Summary Judgment (Doc. 3), filed on August 14, 2018. In the motion, Plaintiff states that the Court should enter summary judgment in favor of the Plaintiff because there is no genuine issue of material fact. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Plaintiff's Motion for Summary Judgment.

Plaintiff, proceeding *pro se*[1], brings this action against the Department of Veterans Affairs based on his receipt of a Final Agency Decision on August 10, 2018. Doc. 1 at 1. Plaintiff asserts claims of employment discrimination based on retaliation under Title VII of the Civil Rights Act

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 3:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

of 1964, 42 U.S.C. § 2000e, *et seq*. as amended. *Id*. at 5. Plaintiff requests summary judgment against the Department of Veterans Affairs. Doc. 3 at 1.

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸ 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin*., 846 F. Supp. 60, 61 (M.D. Fla. 1994).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.,* 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996). As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Georgia Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed,

"[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id*.

Here, Plaintiff filed his Motion for Summary Judgment on the same day he filed his Complaint; and he filed affidavits showing service of process on the Defendant on August 17, 2018. Clearly, the record is not adequate, and the Defendant may not even have notice that a motion for summary judgment is pending. Further, no Case Management Report has been submitted for the entry of a Case Management and Scheduling Order. Therefore, no discovery has been conducted in this case. Plaintiff cannot establish the absence of a genuine issue of material fact without the non-moving party having the opportunity to conduct discovery and refute the allegations. Therefore, the summary judgment motion will be denied as premature. The parties may move for summary judgment at a later stage in these proceedings.

Accordingly, is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 3) is **DENIED** without prejudice.

**DONE AND ORDERED** in Tampa, Florida on August 22, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any