UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER, JR. ,

    Plaintiff,

v.                                                  Case No: 8:18-cv-2000-T-36JSS

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

## **O R D E R**

This matter comes before the Court upon the Defendant's Motion to Dismiss (Doc. 17), Plaintiff's response in opposition (Doc. 24), and Plaintiff's Motion for Final Judgment on the Pleadings, Fourth Motion for Summary Judgment (Doc. 26). The Court, having considered the Motion to Dismiss and being fully advised in the premises, will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Final Judgment on the Pleadings, Fourth Motion for Summary Judgment as moot.

### I.    FACTUAL[1] AND PROCEDURAL BACKGROUND

Plaintiff, Carlton Hooker Jr., proceeding in this matter *pro se*,[2] is a former employee of the Bay Pines VA Health Care System. He sues the Department of Veteran Affairs (the "VA") under

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 13), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 3:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lily Ledbetter Fair Pay Act of 2009, for employment discrimination based on race, age, and retaliation. *See* Doc. 13 at 7.

The Amended Complaint alleges the following. On February 18, 2016, Bay Pines police officer Robert Volpe created and completed a VA Police Investigative Report No. 2016-02-18-1357-3585 which accused Hooker of disorderly conduct during a Bay Pines Veteran's Administration Town Hall meeting the day before. *Id*. at 7, ¶ 1.[3] Hooker admits the charge. *Id*.

On December 9, 2016, the Assistant Secretary for Operations, Security, and Preparedness, Kevin Hanretta, issued a "Restricted Access Letter" to Hooker. *Id*. at ¶ 10. The letter placed Hooker on a "No Engagement" status that restricts him from engaging with the Bay Pines Veteran's Administration ("Bay Pines") for life. *Id*. at ¶ 11. Hooker alleges that the ban denies him a fair opportunity to apply, compete, and obtain any type of employment at Bay Pines. *Id*.

On January 6, 2017, Hooker filed a formal complaint with the Office of Resolution Management alleging that the sole purpose of the February 25, 2016 ban was to personally injure his employment prospects within Bay Pines. *Id*. Three days later, an email was disseminated throughout the Bay Pines human resources department that notified the personnel that Bay Pines banned Hooker, it notified Hooker of the ban, and if he reached out to any of them, they should inform him that they can not engage with him and terminate contact. *Id*. at ¶ 12.

As to his age discrimination and retaliation claim, Hooker alleges the following. On April 3, 2017, he applied for the position of Police Officer GS-6 under Vacancy Announcement Number

---

space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

[3] The allegations regarding the specific claims begin on page 7 and go through page 19. Thus, the pin citations hereafter shall refer to the paragraphs on pages 7 through 19.

NY-17-FNC-1930856-BU (the "First Vacancy"). *Id*. at ¶ 13. The announcement was posted on the USA Jobs website on March 23, 2017, for those who chose to apply under Special Employment Considerations and it was scheduled to close on April 13, 2017. *Id*. at ¶ 14. Hooker applied under Special Employment Considerations as a disabled veteran with service-connected disability at 30% or more. *Id*. at ¶ 15. Hooker contacted the service placement coordinator by email on April 3, 2017, because he was barred from contacting her by phone. *Id*. at ¶ 16. Three days later, he received notification from a Senior Human Resource Specialist that Bay Pines received his application for the position. *Id*. at ¶ 17. Twelve days later he received another notification, from someone else at Bay Pines indicating he did not meet the requirements for the position and was thus, ineligible. *Id*. at ¶ 18.

On April 3, 2017, another Police officer position was posted as opened and closed under Vacancy Announcement Number NY-17-FNC-194457-BU-NC, (the "Second Vacancy"), as a direct hire authority position open to all United States citizens. *Id*. at ¶ 23. On April 17, 2017, Bay Pines created an application date four days after the announcement for the previous officer position closed on April 13, 2017. *Id*. at ¶ 25. On April 18, 2017, Hooker received a notice that he qualified for the position and that his application would go to the employing agency for consideration. *Id*. at ¶ 26. Hooker emailed the USA Jobs Helpdesk to provide him a printed copy of the announcement; it provided him with a link. *Id*. at ¶ 27.

He made a Freedom of Information Act ("FOIA") request for a copy of the Certificate of Eligibles for that announcement; upon receipt he noted that the announcement was for a Direct Hire Authority position and had an open dual certification. *Id*. at ¶ 28. Senior Human Resources Management Specialist Michael Biondo admitted that he created the announcement. *Id*. a ¶ 29. Hooker maintains that only certain individuals may create the announcement. *Id*. at ¶ 30. Hooker

made another FOIA request to Bay Pines for the announcement and received no response. *Id.* at 16. He alleges that Biondo created a fake request to trick him into believing that Bay Pines was considering him for the first position for which he applied. *Id.* at ¶ 31.

On May 9, 2017, Hooker contacted an EEO counselor by phone to discuss his ineligibility for the position under the First Vacancy. *Id.* at ¶ 19. He alleges that the counselor misrepresented the date on which he received the notification of non-selection for the Second Vacancy as April 18, 2017, in his report, when he actually received it on May 25, 2017. *Id.* at ¶ 20.

On May 25, 2017, Hooker received an email that Bay Pines hired another applicant for the Second Vacancy. *Id.* at ¶ 35. Hooker alleges that the selected candidate, Micah Shoaf, was not on the certified list and thus, ineligible for the Direct Hire Authority position. *Id.* at ¶ 36. On May 30, 2017, Hooker attended an informal counseling. *Id.* at ¶ 39.

On May 30, 2017, Hooker filed a Motion for Leave to File a Formal EEO Complaint and on June 1, 2017, the Court granted leave. *Id.* at ¶¶ 22, 40. He filed the lawsuit in this court on June 6, 2017, for the First Vacancy. *Id.* at ¶ 22. On July 10, 2017, Hooker filed his EEO complaint on the Second Vacancy. *Id.* at ¶ 40.[4]

Hooker divides the Amended Complaint into three claims. Claim A asks the Court to determine whether the VA discriminated against him based on race (African-American), color (Black), age, disability, and reprisal (for EEO activity-case No. 8:17-mc-00104-EAK-TGW) by issuing the "Restricted Access Letter" which placed Hooker on the "No Engagement" status. Doc. 13 at 7. Claim B asks the Court to determine whether the VA discriminated against Hooker when it did not select him for the police officer position, the First Vacancy, based on reprisal for prior EEO activity and age. *Id.* at 10. And Claim C asks the Court to determine whether the VA

---

[4] Hooker filed the original Complaint int his case on August 14, 2018.

4

discriminated against Hooker when it did not select him for the police officer position, the Second Vacancy, based on reprisal for prior EEO activity and age. Hooker requests $300,000 in compensatory damages, lifting of the lifetime ban from Bay Pines, placement in one of the police officer positions, or $900,000 in lieu of lifting the lifetime ban. *Id*. at 20-21.

Hooker attached to his original Complaint the June 1, 2017 Order granting him leave to file formal EEO Complaints. *See* Doc. 1-1[5] at 3-4 (*Hooker v. Dept. of Veterans Affairs*, M.D. Fla. Case No. 8:17-mc-62-MSS-ASS, Doc. 1-1) (the "Scriven Order").[6] The Scriven Order notes that pursuant to the Court's Order in *Hooker v. Hopkins*, M.D. Fla. Case No. 8:15-cv-750-JSM-TGW, Doc. 4, (the "Injunction Order"), the Court banned Hooker from "filing any new action, complaint, or claim for relief against [Wallace Hopkins], the Department of Veteran's Affairs, or any other current or former employee or officer of the Department of Veteran's Affairs, related to his employment at Bay Pines VA Hospital, in federal court, state court, or any other forum unless he first obtains leave to file from this Court." *Id*. at 3. The Injunction Order provided that the Court would grant leave freely "if the new action does not involve Plaintiff's former employment with the Department of Veteran's Affairs." *Id*.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556

---

[5] Although only attached to the original Complaint, it appears that Hooker relies on this document in his Amended Complaint, so the Court will consider it in ruling on this Motion. In his second amended complaint, if filed, Hooker must attach all exhibits upon which he relies.
[6] The Court also takes notice of a second order from Judge Mary S. Scriven which references Hooker's alleged ban from Bay Pines. *See Hooker v. Dept. of Veterans Affairs*, M.D. Fla. Case No. 8:16-mc-155-MSS-MAP, Doc. 2, (Dec. 13, 2016). But the order merely granted Hooker leave to pursue claims against the VA in accordance with the federal EEO complaint process. It declined to make any finding about the propriety of the ban. *Id*. at 2.

U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

In addition to including "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78; each claim must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b).

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. Likewise, this includes a complaint in which many of the counts incorporate irrelevant information and/or legal claims. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). When faced with such a pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 984 (11th Cir. 2008).

6

In ruling on motions to dismiss, courts must: "(1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff." *Doe v. Rollins College*, 352 F. Supp. 3d 1205, 1208 (M.D. Fla. 2019) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plausible claims must be founded on sufficient "factual content" to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 679.

In assessing the sufficiency of factual content and the plausibility of a claim, courts draw on their "judicial experience and common sense" in considering: (1) the exhibits attached to the complaint; (2) matters that are subject to judicial notice; and (3) documents that are undisputed and central to a plaintiff's claim. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012).

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

### III. DISCUSSION

In its Motion to Dismiss, the VA points out Hooker's designation as a vexatious litigant due to a continuous legal campaign after his 2010 termination. Doc. 17 at 1. It maintains that this is Hooker's eleventh lawsuit against it or one of its employees, with a twelfth following this one. *See id*. at 2 & n. 1 (listing the other cases). It argues that the Injunction Order has not had its desired effect given the numerous lawsuits and motions Hooker has filed since its entry. The VA

attaches two exhibits to its Motion, Exhibit A, a copy of the Injunction Order (Doc. 17-1), and Exhibit B, a spreadsheet of Hooker's legal proceedings against the VA. (Doc. 17-2).

The VA also argues that this lawsuit is subject to dismissal because Claim A of the Amended Complaint is a Title VII claim that the Court dismissed in *Hooker v. Wilkie*. *See* M.D. Fla. Case No. 8:18-cv-696, Doc. 57. And it argues that Claim A is outside the leave granted in the Scriven Order as it pertains to his ban from Bay Pines, and not employment discrimination. Thus, it argues, he may not raise the claim here. And it argues that although Claims B and C of the Amended Complaint seek a remedy for discrimination based on reprisal (prior EEO activity) and age for his non-selection for the two Bay Pines police officer positions, they fail to state claims for proper relief. Doc. 17 at 5.

Hooker contends that the VA addresses matters outside of the pleadings to make these three arguments: 1) Claim A is not permitted by the Scriven Order, 2) Plaintiff fails to state a cause of action under Title VII, and 3) the Amended Complaint does not allege plausible claims of retaliation or age discrimination. Thus, he argues, the Court must treat the motion as one for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure. Doc. 24 at 3.

He also argues that Claim A is permitted by the Scriven Order because the ban denies him a fair opportunity to compete for a position for which he qualifies. *Id*. He further argues that he states causes of action under Title VII because he alleges that he is in a protected class, applied for and qualified for a position for which he was rejected, and the VA filled the position with a Caucasian male. *Id*. at 6. As for his retaliation claim, he argues that he considers Claim A as the "prior EEO activity" and/or the adverse employment action upon which his retaliation claim relies. *Id*. at 7-8. Hooker relies on "evidence" and "proof" to support his arguments and suggests that the Court should grant summary judgment in his favor.

8

### a. Claims A, B, & C

The Injunction Order requires Hooker to get express permission to file new lawsuits against the VA. *See* Doc. 17-1. The Scriven Order only grants permission to file an EEO Complaint against the VA "concerning [Hooker's] non-selection for two police officer positions in April and May 2017." Doc. 1-1.

Although he attempts to frame it as an employment discrimination case, Claim A pertains to Hooker's "no engagement" status at the Bay Pines VA. Thus, that claim is not permitted under the Scriven Order and prohibited under the Injunction Order. As such, Claim A is outside the scope of the Scriven Order and Hooker has not shown that he received leave to file such a claim. Hooker's arguments are otherwise unavailing. Claim A is an attempt to relitigate issues already litigated in the numerous other cases regarding his ban from the Bay Pines VA. Additionally, Claim A fails to state a claim for age and disability discrimination. Thus, Claim A will be dismissed on this basis.

Claim B and Claim C allege claims of discrimination based on age and retaliation. But Title VII prohibits discrimination in the workplace based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Claim B and Claim C do not state proper claims for relief, as the allegations are too vague and confusing to put the VA on proper notice of not only the claims against it, but the factual and legal bases for those claims.

### i. Discrimination Based on Race and Color

Because Claim A fails to state a claim for racial discrimination, it will be dismissed on this additional basis. To state a claim for racial discrimination in hiring under Title VII, a plaintiff must allege that he is a member of a protected class; applied and was qualified for a position for which the employer was accepting applications; despite his qualifications the employer did not

hire him; and the position remained open or was filled by another person outside of his protected class. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002).

Here, reading the allegations very liberally and in the light most favorable to Hooker; he alleges within Claim A that he is Black and African-American and that the lifetime ban from the Bay Pines VA injured his employment prospects. But the Court must look to the other claims to surmise that he applied for the positions as listed in the vacancy announcements, a white male received an offer for the Second Vacancy position, and he was "qualified" for the positions. *See* Doc. 13 at ¶ 26 (stating, under Claim C, that the VA reviewed his application for the Second Vacancy and stated that he was qualified for the position). Thus, his allegations are unclear and do not sufficiently state a proper claim under Title VII for race discrimination.

### ii. Discrimination Based on Age

To state a claim for age discrimination, a plaintiff must bring a lawsuit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), (d). The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff pursuing a claim under the ADEA can establish discrimination with direct or circumstantial evidence. *See Castillo v. Allegro Resort Mktg.*, 603 Fed. Appx. 913, 917 (11th Cir. 2015).

To state a claim for discrimination based on age for a failure to hire, a plaintiff must allege that he was a member of a protected class, in this case a person over 40 years old; applied for and was qualified for an available position; was rejected; and the defendant filled the position with a person outside the protected class. *Childress v. Caterpillar Logistics Servs., Inc.,* 369 Fed. Appx. 95, 96 (11th Cir. 2010) (per curiam).

A complaint asserting employment discrimination under the ADEA need not contain specific facts establishing a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, (2002). But the complaint must provide enough factual matter to plausibly suggest intentional discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotations omitted).

Here, Hooker falls short. He does not allege a proper claim under the ADEA. And he states neither his age, nor that he was qualified for the position, nor that the person who received the offer was younger than him. Overall, Hooker asserts conclusory allegations that there is any connection between his non-selection for the officer positions and his age. The age discrimination claims are due to be dismissed.

### iii. Retaliation based on Prior EEO Activity

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). To state a claim of retaliation, a plaintiff must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193–94 (11th Cir. 2016).

Hooker alleges that he suffered a material adverse action in his non-selection for the police officer positions and he engaged in prior EEO activity. But it is unclear from the allegations to which prior EEO activity he refers. He focuses on the EEO activity related to the failure to hire

claims, which came after the adverse action, so that activity cannot be the basis for retaliation. *See* Doc. 13 at ¶¶ 19, 39.

But in Claim A Hooker relies upon his EEO activity in 2017, which may have occurred prior to his applications for the police officer positions. *See id*. at 7; M.D. Fla. Case No. 8:17-mc-00104-EAK-TGW, Doc. 5 (the "Kovachevich Order").[7] In the Kovachevich Order, Hooker received leave to file a complaint for his EEO activity related to two Security Assistant positions, Vacancy Announcement Number NY-14-SLH-1025539 posted on June 11, 2014, for which he applied and was not selected. Doc. 13 at ¶ 3. But as written, the Amended Complaint does not make it clear that this protected activity is the one upon which he relies for Claims B and C. It is also unclear whether Hooker actually applied for the position under the Second Vacancy; he alleges that the VA was trying to "trick him" into believing he applied. Thus, the allegations lack sufficient clarity to put the VA on notice of the claims against it and Hooker needs to file a more definite statement as to his retaliation claim against the VA.

### b. Rule 12(d) Conversion to Summary Judgment

Hooker argues that the Motion should be treated as one for summary judgment under Federal Rule of Civil Procedure 12(d) because it relies upon matters outside of the four corners of the Amended Complaint. Rule 12 mandates that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12.

---

[7] Hooker filed that Motion in August 2017, and the Kovachevich Order refers to EEO activity in July 2017, although it pertains to events from 2014. *See* M.D. Fla. Case No. 8:17-mc-00104-EAK-TGW, Doc. 1.

12

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004); *see* Fed. R. Evid. 201(a) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). And "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned may also be considered." *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1346 (N.D. Ga. 2018) (internal quotation marks omitted).

Matters the court can deem "incorporated by reference," are those documents attached to a motion to dismiss which are "(1) central to the plaintiff's claim; and (2) undisputed" may also be considered without converting the motion into one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). " 'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley*, 304 F.3d at 1134.

Thus, the VA's reliance on the Injunction Order and the Scriven Order, and Hooker's reliance on the Kovachevich Order, are all permissible because Hooker's Amended Complaint references the Injunction Order and Scriven Order and relies upon them. And all of the orders are subject to judicial notice as orders of this Court. But, the VA's filing of Exhibit B, the spreadsheet detailing Hooker's litigation history, is not relied upon by Hooker nor central to his claims, and

the Court will exclude it for purposes of ruling on the Motion.[8]  Thus, the Court need not convert the Motion to one for summary judgment under Rule 12(d).

## IV. CONCLUSION

The Court is cognizant of Hooker's proclivity towards continuous litigation. Nonetheless, the Scriven Order granted leave, albeit limited, to file a new claim pertaining to the two police officer positions for which he applied and was not selected. Though detailed, the Amended Complaint falls short of providing the sort of clarity needed to put the Defendant on notice of the claims against it. And Claim A, though brought as a Title VII claim, is clearly an attempt to challenge the ban from Bay Pines, which is outside the leave granted by the Scriven Order. The Court will grant Hooker leave to file a second amended complaint, regarding these two police officer positions only.

**Accordingly, it is ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 17) is **GRANTED**.

2. Plaintiff's Motion for Final Judgment on the Pleadings, Fourth Motion for Summary Judgment (Doc. 26) is **DENIED as moot**.

3. Plaintiff shall have twenty-one (21) days to file a second amended complaint. Plaintiff's failure to file a second amended complaint within the time provided will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on May 2, 2019.

---

[8] There is an argument that Exhibit B to the Motion derives from public records and court orders and are not otherwise subject to dispute. Nonetheless, the Court has not relied upon it to decide the Motion.

_____
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any