UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.    Case No: 8:18-cv-2000-T-36JSS

ROBERT WILKIE, Secretary
Department of Veterans Affairs,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court upon: (1) Plaintiff's Motion for Sanctions, Doc. 68; (2) Plaintiff's Second Motion for Sanctions, Doc. 69; (3) Plaintiff's Third Motion for Sanctions, Doc. 71; and (4) Plaintiff's "[Third] Motion for Sanctions – Local Rule 3.01(g) No Opposition Exists" (the "Third Motion for Sanctions Supplement"), Doc. 72. Defendant has responded in opposition. Docs. 70, 73. The Court, having considered the parties' submissions and being fully advised in the premises, will deny each of the motions.

**I.    BACKGROUND**

Carlton Hooker, Jr. ("Plaintiff"), proceeding *pro se* in this matter,[1] is a veteran with a service-connected disability and a former employee of the Bay Pines VA Health Care System. Doc. 48 at 6. Plaintiff sues Robert Wilkie, Secretary of the Department of Veterans Affairs

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 3:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

("Defendant") under several different causes of action, as set forth in his second amended complaint. Doc. 48 at 5, 8. The Court has previously described the facts and procedural history of this action in extensive detail. The relevant background for the analysis herein is discussed below.

## II. LEGAL STANDARD

Rule 11 provides that an attorney or unrepresented party who submits a pleading, motion, or other paper certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"The standard for testing conduct under . . . Rule 11 is 'reasonableness under the circumstances.'" *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). Furthermore, a motion for sanctions must be made separately from any other motion and must describe the conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c). When a motion for sanctions is filed under Rule 11, the movant must serve a copy of such motion upon the opposing party at least twenty-one days before filing the motion with the court. *Id*. This "safe harbor" provision is intended to emphasize the seriousness of a motion for sanctions and define precisely the conduct allegedly in violation of the Rule. Fed. R. Civ. P. 11 Advisory Committee Notes (1993

Amendment). Courts frequently deny requests for sanctions when a party does not comply with this provision. *Espanol v. Avis Budget Car Rental, LLC*, No. 8:10-cv-944-T-35AEP, 2012 WL 12904800, at *1 (M.D. Fla. Nov. 9, 2012) (Scriven, J.) (collecting cases). Indeed, a movant's failure to satisfy this twenty-one-day safe harbor provision "forecloses" sanctions under Rule 11. *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (per curiam).

**III. ANALYSIS**

Plaintiff has filed three motions for sanctions. The Court now addresses each motion. For the reasons set forth below, the motions are due to be denied.

**A. Motion for Sanctions**

In the Motion for Sanctions, Plaintiff requests the Court to strike Defendant's prior motion to dismiss as a result of the alleged failure of Defendant's counsel to "withdraw within 21 days in accordance with Rule 11(c)(2)." Doc. 68 at 1. Plaintiff further avers that he "gave" Defendant's counsel twenty-one days to withdraw Defendant's prior motion to dismiss, in which Defendant's counsel "fraudulently stated as a defense" that Plaintiff had failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).[2] *Id.* at 2. However, according to Plaintiff, "it is an undisputed material fact" that he "made a Statement in Support of Claim in which relief could be granted." *Id.* In support, Plaintiff offers various excerpts from his amended complaint (the "Amended Complaint"), including his purported entitlement to certain relief and the availability of certain damages under the listed statutes. *Id.* at 3. The Motion for Sanctions is also replete with references to *Hooker v. Wilkie, et al.*, No. 8:18-cv-696-T-33TGW (M.D. Fla.)

---

[2] This assertion appears to refer to Plaintiff's "Motion to Reopen Original USDC Case No. 8:18-cv-02000-CEH-JSS in lieu of Pending Motion for Sanctions" (the "Second Motion to Reopen") in which Plaintiff advised that he would place counsel for Defendant on twenty-one days' notice to withdraw Defendant's previously filed motion to dismiss "or face [s]anctions from the Court." Doc. 61 at 2.

3

(the "2018 Case"). *Id.* at 3–5. On the basis of these representations, in addition to his request for the Court to strike the prior motion to dismiss, Plaintiff asks the Court to: (1) vacate its order granting Defendant's prior motion to dismiss (the "Prior Order") and grant the Second Motion to Reopen; (2) order Defendant's counsel to respond to all three claims in the Amended Complaint; and (3) "remand" a punitive damages claim from the 2018 Case back to that action as it pertains to "Claim A."

As Plaintiff characterizes the motion as one for sanctions and clearly grounds his requested relief in Rule 11 of the Federal Rules of Civil Procedure, the Court analyzes the Motion for Sanctions under applicable Rule 11 standards. Plaintiff has failed to demonstrate any entitlement to relief under Rule 11. Defendant filed a motion to dismiss the Amended Complaint, which asserted that Plaintiff failed to state a claim upon which relief could be granted. Doc. 17 at 6–11. The Court agreed and dismissed the Amended Complaint, but allowed Plaintiff to file a second amended complaint in accordance with the Court's instructions. Doc. 43 at 14. The Motion for Sanctions does not establish that Defendant's Rule 12(b)(6) defense constitutes sanctionable conduct. Indeed, the Court agreed that the Amended Complaint failed to state plausible claims, but nonetheless afforded Plaintiff an opportunity to amend. Although Plaintiff may disagree with Defendant's Rule 12(b)(6) defense, the assertion of such defense does not fall within the ambit of Rule 11. Finally, the five-word quotation indicating some general opposition to Plaintiff's "motions" does constitute a proper Local Rule 3.01(g) certification because, at minimum, whether this reference to "motions" refers to the Motion for Sanctions is unclear.[3]

---

[3] Local Rule 3.01(g) provides, in part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted,

4

Consequently, the Motion for Sanctions is due to be denied.

### B. Second Motion for Sanctions

Two days after filing the Motion for Sanctions, Plaintiff filed the Second Motion for Sanctions. This time, Plaintiff asks the Court to order Defendant's counsel to "respond to all of the claims supported by evidence" in the Second Amended Complaint, as requested in another motion. Doc. 69 at 4. Plaintiff contends that Defendant's counsel violated Rule 11(b)(1) of the Federal Rules of Civil Procedure when she filed a motion for reconsideration (the "Motion for Reconsideration"), which sought reconsideration of this Court's order lifting the stay on discovery. *Id.* at 2. Plaintiff contends that the purpose of the Motion for Reconsideration was to cause "unnecessar[y] delay." *Id.*

At the outset, Plaintiff made a nearly identical argument when he previously moved to strike the Motion for Reconsideration for Defendant's alleged failure to comply with the order lifting the stay. Doc. 62. at 1. United States Magistrate Judge Julie S. Sneed rejected this argument and advised Plaintiff that the Court maintains the inherent authority to reconsider, rescind, or modify an interlocutory order. Doc. 62 at 2. Plaintiff nonetheless decided to file the Second Motion for Sanctions.

Significantly, the Second Motion for Sanctions does not demonstrate Plaintiff's compliance with the safe-harbor provision of Rule 11. First, Defendant asserts that Plaintiff did not send a copy of the Second Motion for Sanctions before filing it. Doc. 70 at 3. Plaintiff has not

---

or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement: (1) certifying that the moving counsel has conferred with opposing counsel; and (2) stating whether counsel agree on the resolution of the motion.

Local R. M.D. Fla. 3.01(g).

provided any documentation demonstrating that he sent a copy of the Second Motion for Sanctions to Defendant. The only e-mail attached to the Second Motion for Sanctions is an e-mail from Defendant's counsel to Plaintiff stating that Defendant's counsel preferred to communicate in writing and asking for Plaintiff to respond to her e-mail with his consent or opposition. Doc. 69-9 at 1. Without further context, this document simply does not stand for the proposition that Plaintiff complied with the safe harbor provision. Additionally, the Second Motion for Sanctions includes a purported excerpt of a July 11, 2019 e-mail from Plaintiff to Defendant's counsel regarding a motion for extension of time to respond to the Motion for Reconsideration. Doc. 69 at 2–3. Noticeably absent from the e-mail is any mention of the Second Motion for Sanctions. Plaintiff's purported Local Rule 3.01(g) certification also asserts that Plaintiff "informed" Defendant's counsel regarding the Motion for Sanctions on July 11, 2019. *Id.* at 4. Whether this July 11, 2019 e-mail is the same e-mail as the July 11, 2019 e-mail discussing the response to the Motion for Reconsideration is unclear. Regardless, Plaintiff's alleged compliance with the safe-harbor provision of Rule 11 is not evident from the Local Rule 3.01(g) certification. Furthermore, Rule 11(c) requires Plaintiff to serve a copy of the Second Motion for Sanctions upon Defendant, not merely "inform" Defendant. Fed. R. Civ. P. 11(c). Finally, upon review, the Local Rule 3.01(g) certification itself is also incomplete because it fails to state whether Defendant's counsel opposed the Second Motion for Sanctions. Local R. M.D. Fla. 3.01(g).

Therefore, for all of the foregoing reasons, the Second Motion for Sanctions is due to be denied.

### C. Third Motion for Sanctions and Third Motion for Sanctions Supplement

On September 15, 2019, Plaintiff filed the Third Motions for Sanctions and the Third Motion for Sanctions Supplement. Upon review, the Third Motion for Sanctions is due to be denied.

According to the Third Motion for Sanctions, Defendant's counsel violated Rule 11(b)(2) of the Federal Rules of Civil Procedure by asserting that "[Plaintiff] claims the undersigned 'fraudulently stated as a defense' in the motion to dismiss that [Plaintiff] failed to state a claim upon which relief could be granted, when he 'clearly made' an allegation that he was entitled to punitive damages for his Title VII claim." Doc. 71 at 2. Plaintiff then asserts, "once again," that Defendant made a fraudulent defense regarding his Title VII claim because the Amended Complaint asserted that he was entitled to certain relief and the availability of certain damages under the listed statutes. *Id.* Plaintiff asks the Court to strike the Defendant's prior motion to dismiss and order Defendant to answer Plaintiff's claims in the no-longer-operative Amended Complaint, "*if* Counsel for Defendant within 21 days from the receipt of this motion . . . refuses to acknowledge" her alleged fraudulent statement. *Id.* at 4 (emphasis added). Plaintiff also asserts that, if Defendant fails to deny those dismissed claims, the Court should award Plaintiff $300,000 and the lifting of the ban at Bay Pines, or $900,000 "to settle all three complaints." *Id.*

Plaintiff also filed the Third Motion for Sanctions Supplement, in which he seeks to supplement the Third Motion for Sanctions pursuant to Local Rule 3.01(g).[4] Doc. 72 at 1. Plaintiff contends that he sent an e-mail to Defendant's counsel on August 20, 2019, which advised her of

---

[4] Although docketed as a motion, the Court interprets the Third Motion for Sanctions Supplement as a notice supplementing the Third Motion for Sanctions, based on its requested relief. Although the Third Motion for Sanctions requests relief, such relief is lifted from the Third Motion for Sanctions. To the extent that the Third Motion For Sanctions Supplement requests affirmative relief, the Court will deny such relief.

his intent to file the Third Motion for Sanctions. *Id.* at 1. Plaintiff provides a copy of the e-mail. Doc. 72-1. Plaintiff clearly intends for this e-mail to satisfy the safe-harbor provision of Rule 11. Plaintiff also represents that, in response to this e-mail on August 20, 2019, he received an automated out-of-office response, which: (1) notified him that Defendant's counsel was out of office; (2) provided an alternative contact; and (3) advised that Defendant's counsel would respond upon her return. Docs. 72 at 2; 72-2 at 1. On this basis, Plaintiff contends that Defendant's counsel therefore offers no opposition due to her failure to respond before he filed the Third Motion for Sanctions. *Id.* at 3.

Because Plaintiff characterizes the motion as one for sanctions and clearly grounds his relief in Rule 11 of the Federal Rules of Civil Procedure, the Court analyzes the Third Motion for Sanctions under applicable Rule 11 standards. Plaintiff's attempt to cast the partial quotation of Defendant's counsel as sanctionable conduct is fruitless. This statement does not warrant sanctions under Rule 11. Plaintiff has not tied this partial quotation to any "claims, defenses, and other legal contention" not warranted by existing law or a frivolous argument "for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b). Indeed, the statement quoted language in the Motion for Sanctions.

The remainder of the Third Motion for Sanctions likewise does not evidence any entitlement to relief under Rule 11. Plaintiff's remaining arguments are largely recycled, as he reiterates "once again" his assertion that Defendant's counsel offered a fraudulent defense as it pertains to his Title VII claim. *Id.* at 2. Plaintiff addressed his purported entitlement to certain relief and the availability of certain damages in the Motion for Sanctions. Doc. 68 at 3. To the extent that the Third Motion for Sanctions reiterates or expands upon arguments in the Motion for Sanctions or one of the other motions for sanctions, such reiteration or expansion violates the Local

Rules, as the Court did not grant Plaintiff the requisite leave. *See* Local Rule 3.01(c) (prohibiting a party from filing any reply or further memorandum directed to a motion or response, unless the Court grants leave).

Finally, the Court questions Plaintiff's compliance with the safe harbor provision under Rule 11, as the provided e-mail does not demonstrate that the Third Motion for Sanctions, as filed, was actually served upon Defendant's counsel. Instead, the e-mail merely lists an attachment entitled "3rd MOTION FOR SANCTIONS." Doc. 72-1 at 2 (emphasis in original). Nonetheless, Plaintiff's Local Rule 3.01(g) certification is clearly insufficient. Local Rule 3.01(g) clearly provides:

> A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party *retains the duty* to contact opposing counsel *expeditiously* after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

Local R. M.D. Fla. 3.01(g) (emphasis added).

Here, the Third Motion for Sanctions Supplement demonstrates that Plaintiff never conducted a good faith conferral with Defendant's counsel prior to filing the Third Motion for Sanctions. As such, Plaintiff retained the duty to contact Defendant's counsel expeditiously after filing the Third Motion for Sanctions. Plaintiff clearly made no effort to do so during the subsequent fifteen days before Defendant responded to the Third Motion for Sanctions. Plaintiff instead relies upon the non-response of Defendant's counsel to indicate that Defendant's counsel "offer[ed] no opposition." Doc. 72 at 3. This practice is improper.

Therefore, for all the foregoing reasons, the Third Motion for Sanctions is due to be denied.

## IV. CONCLUSION

The Court will deny each of the motions. Plaintiff is advised that a motion for sanctions itself can lead to sanctions. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment). The Court may *sua sponte* impose sanctions. Fed. R. Civ. P. 11(c). The Court will not tolerate future bombardments of frivolous motions for sanctions in this action.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Sanctions, Doc. 68, is **DENIED**.

2. Plaintiff's Second Motion for Sanctions, Doc. 69, is **DENIED**.

3. Plaintiff's Third Motion for Sanctions, Doc. 71, is **DENIED**.

4. To the extent that it seeks relief, Plaintiff's "3rd Motion for Sanctions – Local Rule 3.01(g) No Opposition Exists," Doc. 72, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 16, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any