UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.                                          Case No: 8:18-cv-2000-T-36JSS

ROBERT WILKIE, Secretary
Department of Veterans Affairs,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court upon the following motions:

Plaintiff's "Motion to Reopen 2nd Amended Complaint USDC Case No. 8:18-cv-02000-CEH-JSS" (the "Motion to Reopen") (Doc. 77);

Plaintiff's "2nd Motion to Reopen USDC Case No. 8:18-cv-02000-CEH-JSS – Rule 60(b)(3) of Fed Rules of Civ. Pro." (the "Second Motion to Reopen") (Doc. 80);

Plaintiff's "Motion to Reopen Original USDC Case No. 8:18-cv-02000-CEH-JSS Based on OPM Evidence Showing VA Fraud" (the "Third Motion to Reopen") (Doc. 83);

Plaintiff's "Motion to Reopen Original USDC Case No. 8:18-cv-02000-CEH-JSS Based on Misrepresentation in Document 85" (the "Fourth Motion to Reopen") (Doc. 86);

Plaintiff's "Motion for Sanctions for Attorney Fraud upon the Court – Document 85" (the "Motion for Sanctions") (Doc. 88);

Plaintiff's "Motion to Reopen Amended USDC Case No. 8:18-cv-02000-CEH-JSS Based on Newly Discovered Evidence Proving Fraud and Motion for Summary Judgment" (the "Fifth Motion to Reopen") (Doc. 90);

Plaintiff's "Motion Requesting Court Order Granting (Document 90) – Plaintiff's Motion to Reopen Amended USDC Case No. 8:18-cv-02000-CEH-JSS Based on Newly Discovered Evidence Proving Fraud and Motion for Summary Judgment" (the "Motion Requesting Court Order") (Doc. 96); and

Plaintiff's "Supplemental to Documents (90) and (96) Motion to Reopen Amended USDC Case No. 8:18-cv-02000-CEH-JSS Based on Newly Discovered Evidence Proving Fraud and Motion for Summary Judgment" (the "Supplemental Motion to Reopen") (Doc. 98).

Defendant has responded in opposition. (Docs. 79, 82, 85, 87, 89, 92, 99). The Court, having considered the parties' submissions and being fully advised in the premises, will deny the motions.

I.   BACKGROUND

Carlton Hooker ("Plaintiff"), who proceeds *pro se*,[1] previously brought two claims against Robert Wilkie, Secretary of the Department of Veterans Affairs ("Defendant" or the "Department"), in this action: "Claim A" and "Claim B." (Doc. 48 at 8). "Claim A" asked the Court to determine whether Defendant discriminated against Plaintiff based on his race, color, age, disability, and reprisal (for prior EEO activity) when he was not selected for a "Police Officer GS-6" job under Vacancy Announcement Number NY-17-FNC-1930856-BU (the "First Vacancy Announcement"). *Id.* "Claim B" asked the Court to determine whether Defendant discriminated against Plaintiff when it did not select him for another "Police Officer GS-6" job, which was posted on the USA Jobs website on April 3, 2017, under Vacancy Announcement Number NY-17-FNC-194457-BU-NC (the "Second Vacancy Announcement"), based on reprisal for prior EEO activity and age. *Id.* at 8, 11.

On January 21, 2020, the Court dismissed Plaintiff's claims against Defendant with prejudice. (Doc. 76 at 23). The Court explained that "Claim A" and "Claim B" each failed to state

---

[1] The Tampa Chapter of the Federal Bar Association typically operates a Legal Information Program on Tuesdays from 1:00pm to 3:00pm on the second floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at: http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without a Lawyer." Form pleadings for *pro se* parties in civil actions may be found at the following hyperlink: https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case. Additionally, a *pro se* litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.

2

a claim upon which relief could be granted. *Id.* at 8–22. As a result of the dismissal, the Clerk of Court closed the case. *See id.* at 24.

Mere hours later, Plaintiff filed the Motion to Reopen, thereby marking the beginning of Plaintiff's campaign to bombard the docket in this action with motions. This campaign has spanned several months and resulted in the eight pending motions before the Court, all of which request the same or similar relief. But no longer. Each motion is due to be denied.

## II.    LEGAL STANDARD

Rule 60, Federal Rules of Civil Procedure, provides:

> On motion and just terms, the court may relieve a party or its representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or]
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b).

Thus, Rule 60(b) applies to final judgments, final orders, and final proceedings. *See* Fed. R. Civ. P. 60(b) Advisory Committee Notes (1946 Amendment) (explaining that "'final' emphasizes the character of the judgments, orders or other proceedings from which Rule 60(b) affords relief"). "An order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint could not be saved by amendment." *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir. 1991); *see also* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

All of the following are required to justify relief based on newly discovered evidence under Rule 60(b)(2):

3

> (1) the evidence must be newly discovered since the [order]; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action.

*Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 898 (11th Cir. 2006) (citing *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003)). "A Rule 60(b)(2) motion is an extraordinary motion and the requirements of the rule must be strictly met." *Motes v. Couch*, 766 F. App'x 867, 869 (11th Cir. 2019).

"To prevail on a 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (internal quotation marks and alteration omitted). The Eleventh Circuit has applied this rule in cases where a party filed a Rule 60(b)(3) motion after a court dismissed the case or entered a judgment before trial. *See*, *e.g.*, *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 769 (11th Cir. 2019); *Gupta v. Walt Disney World Co.*, 519 F. App'x 631, 631 (11th Cir. 2013). The moving party also must demonstrate that "the conduct prevented the losing party from fully and fairly presenting his case or defense." *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314 (internal quotation marks omitted). Finally, a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) [under Rule 60(b)] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Further, Rule 11 provides that an attorney or unrepresented party who submits a pleading, motion, or other paper certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that, among other things, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument

4

for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "The standard for testing conduct under . . . Rule 11 is 'reasonableness under the circumstances.'" *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988)). A motion for sanctions must be made separately from any other motion and must describe the conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2).

### III.  ANALYSIS

#### A.  Motion to Reopen

In the Motion to Reopen,[2] Plaintiff moves the Court for "relief from the [Dismissal Order] in accordance with Rule 60(b)(2)," contending that the United States Office of Personnel Management ("OPM") has provided him with "newly discovered evidence" demonstrating that Defendant lacked "the authority to create" the position under Second Vacancy Announcement. (Doc. 77 at 1). In support, Plaintiff first highlights that he made a request under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), for the following documents on October 2, 2019: (1) a copy of the request for direct-hire authority for the position under the Second Vacancy Announcement; and (2) a copy of OPM's approval for direct-hire authority for the position under the Second Vacancy Announcement. *Id.* at 3. Plaintiff provides a "no records" response from OPM, dated October 11, 2019, (Doc. 77-1),which, Plaintiff contends, shows that Bay Pines Senior Human Resources Management Specialist Michael Biondo ("Biondo") lied under oath by stating that he created the position under the Second Vacancy Announcement, (Doc. 77 at 3).

---

[2] Although the Court refers to this motion as the "Motion to Reopen," the Motion to Reopen is the third Rule 60(b) motion filed by Plaintiff in this action. (Docs. 46, 61). As detailed below, the Motion to Reopen is also the first of many additional Rule 60(b) motions recently filed.

Plaintiff also provides a November 21, 2019 letter from the Department, which encloses six pages in response to an October 31, 2019 FOIA request for "a copy of the Direct Hire Authority Request made to OPM by the Chief Human Capital Officer at the time . . . to create the job announcement [for the position under the Second Vacancy Announcement], as it pertains to the Direct Hire Authority Police Officer position that was created, opened and closed on April 3, 2017 . . . and a copy of the OPM's approval for that position." (Doc. 77-2 at 1). The enclosures include: (1) a January 24, 2018 letter to Peter J. Shelby, Chief Human Capital Officer of the Department, advising that OPM had approved a request for direct-hire authority to fill certain positions within the Department; and (2) an undated letter from Mr. Shelby to OPM, requesting dire-hire authority for a period of three years. *Id.* at 3–8.

Preliminarily, the Court's dismissal was grounded in Plaintiff's failure to state claims upon which relief could be granted. The Court's review was limited to the plausibility of Plaintiff's claims, notwithstanding the availability, or unavailability, of certain evidence. To that end, the Dismissal Order detailed numerous pleading deficiencies in Plaintiff's second amended complaint. The Court dismissed the claims with prejudice because it was not convinced that providing Plaintiff with a third bite at the pleading apple would cure these numerous flaws. However, Plaintiff now contends that certain *evidence* warrants relief from the Dismissal Order. Plaintiff offers no argument for why this "newly discovered" evidence cures his pleading deficiencies, as identified in the Dismissal Order, or otherwise demands a different result. Critically, Plaintiff did not discover this evidence since the Dismissal Order, which the Court entered on January 21, 2020. Indeed, the e-mail from OPM to Plaintiff with OPM's FOIA response is dated October 11, 2019, and the letter from the Department is dated November 21, 2019. Additionally, Plaintiff provides a January 6, 2020 e-mail to Defendant's counsel, in which he discussed both responses and advised,

"If the Court were to dismiss my case, I can file a Motion to Reopen this case in accordance with Rule 60(b) of the Federal Rules of Civil Procedure, based on new evidence from the VA, *that I'm giving to you right now*." (Doc. 77-4 at 2) (emphasis added). Plaintiff explains in the Motion to Reopen that he provided Defendant's counsel "with the newly discovered evidence from both OPM on October 11, 2019, and the [Department] on November 21, 2019," via e-mail on January 6, 2020. (Doc. 77 at 6). Thus, Plaintiff did not discover this evidence following the Dismissal Order, which also explains his decision to file the Motion to Reopen within hours of the Court's entry of the Dismissal Order. This deficiency alone defeats the Motion to Reopen. *See Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) ("[E]vidence cannot be 'newly discovered' under Rule 60(b) if it is in the possession of the moving party or that party's attorney prior to the entry of judgment."). Beyond this deficiency, Plaintiff fails to offer argument for the remaining requirements of a Rule 60(b)(2) motion, including the exercise of diligence. The Motion to Reopen thus falls short, as Rule 60(b)(2) is an "extraordinary motion and the requirements of the rule must be strictly met." *Motes*, 766 F. App'x at 869. The Motion to Reopen will be denied.[3]

---

[3] The Motion to Reopen also violates Local Rule 3.01(g) because Plaintiff did not initially "confer with counsel for the opposing party in a good faith effort to resolve the issues raised in the motion" prior to filing. Local R. M.D. Fla. 3.01(g). Instead, Plaintiff e-mailed Defendant's counsel over two weeks before filing the Motion to Reopen to present "a few options" for Defendant's counsel. (Doc. 77-4 at 2). A review of the pending motions before the Court reveals that Plaintiff frequently fails to confer with opposing counsel regarding the relief requested by a motion, such as by stating that he "will provide" Defendant's counsel with the motion, *e.g.*, (Docs. 83 at 5; 86 at 7), or that he has simply "informed" Defendant's counsel regarding the motion, *e.g.*, (Docs. 80 at 5; 90 at 6). Plaintiff seeks to bypass this initial conferral requirement by citing to the Rule's language that the moving party retains the duty to contact opposing counsel expeditiously after filing the motion. *Id.* Consequently, Plaintiff has filed accompanying "certifications" to several of these motions, which often contain improper argument. *E.g.*, (Doc. 84 at 4) ("Therefore, the Motion to Reopen should be granted based on the Newly Discovered Evidence showing fraud being unopposed, and this Court . . . should reopen this case based on the [Department's] creating the fake job . . . ."). This practice is improper. As each pending motion is due to be denied, the Court need not detail Plaintiff's extensive Local Rule 3.01(g) violations.

### B. Second Motion to Reopen

In the Second Motion to Reopen, filed two weeks after the Motion to Reopen, Plaintiff "requests the reopening of this case," pursuant to Rule 60(b)(3). (Doc. 80 at 1). Plaintiff provides evidence, which he contends shows that Defendant's counsel "fraudulently covered up the fact" that the Department lacked authority to create the position under the Second Vacancy Announcement on April 3, 2017, and that the position was "fraudulently created" by Biondo. *Id.* at 2. Plaintiff again points to OPM's October 11, 2019 response, which he states "supports the fact that OPM did not authorize that Direct Hire Authority Police Officer position due to a Severe Shortage of Candidates or a Critical Need, and that fake job was created to keep [him] off of the Certificate of Eligibles for another Police Officer Position . . . ." *Id.* at 3. Plaintiff then claims that he provided a copy of this response from OPM to Defendant's counsel on January 6, 2020. *Id.*

Plaintiff fails to demonstrate a viable basis for relief under Rule 60(b)(3). As previously emphasized, a party who seeks to prevail on a Rule 60(b)(3) motion must "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314 (internal quotation marks and alteration omitted). Plaintiff fails to carry this burden. Plaintiff merely offers the October 11, 2019 FOIA response from OPM and concludes that Defendant's counsel fraudulently concealed evidence. Plaintiff does not offer any evidence linking OPM's response and the conduct of Defendant's counsel, let alone clear and convincing evidence that Defendant obtained the result through fraud, misrepresentation, or some type of misconduct.

Finally, Plaintiff asserts that he also did not fail to state a claim for which relief could be granted in Claims A and B. (Doc. 80 at 3). Plaintiff proceeds to reiterate allegations in the second

amended complaint and his requests for relief. *Id.* at 3–4. These arguments are improper for a Rule 60(b)(3) motion and are otherwise unavailing. The Second Motion to Reopen will be denied.

### C.  Third Motion to Reopen

In the Third Motion to Reopen, Plaintiff requests relief from the Dismissal Order under Rule 60(b)(2) and (3). (Doc. 83 at 1). This time, Plaintiff provides his January 23, 2020 FOIA request for OPM's "Timestamped Received Copy of VA Direct Hire Authority Request signed by Mr. Peter Shelby to fill fifteen occupations which included Police Officer positions." (Doc. 83-1 at 1). Plaintiff also provides OPM's February 13, 2020 response, which encloses: certain e-mails regarding the Department's request for direct hire authorities; an unredacted copy of the undated letter from Mr. Shelby to OPM, which requested direct-hire authority for a period of three years; and a document entitled "Documentation in Support of VA's Request for Direct Hire Authority (DHA), which includes a request for fifteen occupations nationwide." (Doc. 83-3 at 3–12). Plaintiff contends that this evidence demonstrates that the position under the Second Vacancy Announcement, which was posted on April 3, 2017, was "fake" and "fraudulently created" and Defendant has "attempted to cover up the fraud in a FOIA Request." (Doc. 83 at 1, 4).

Although Plaintiff received OPM's February 13, 2020 response after the Court's entry of the Dismissal Order, Plaintiff fails to address any of the requirements for relief under Rule 60(b)(2), such as whether he exercised due diligence in discovering this evidence, whether the evidence is cumulative or impeaching, the materiality of the evidence, and whether it would produce a different outcome. As repeatedly emphasized, a Rule 60(b)(2) motion "is an extraordinary motion and the requirements of the rule must be strictly met." *Motes*, 766 F. App'x at 869. As with the Motion to Reopen, Plaintiff offers no argument for why this "newly discovered"

9

evidence cures his pleading deficiencies or otherwise demands a departure from the Dismissal Order.

As for his requested relief under Rule 60(b)(3), Plaintiff concludes that his submitted evidence demonstrates that the position under the Second Vacancy Announcement was fraudulently created and the Department has attempted to cover up such fraud. In response to his request for "a copy of the Direct Hire Authority Request to OPM by the Chief Human Capital Officer at the time . . . or equivalent to create" the position under the Second Vacancy Announcement "on April 3, 2017, and . . . a copy of the OPM's approval for that position," OPM produced the January 24, 2018 letter and a redacted copy of the letter from Mr. Shelby, on behalf of the Department, which requested direct-hire authority, as records "related to" Plaintiff's request. (Doc. 83-2 at 1–8). The Court previously discussed these documents in analyzing the Motion to Reopen. His January 23, 2020 FOIA request sought "OPM's Timestamped Received Copy of VA Direct Hire Authority Request signed by Mr. Peter Shelby to fill 15 occupations which included Police Officer positions," (Doc. 83-1 at 1), and OPM provided the documents described above on February 13, 2020, (Doc. 83-3 at 1). This evidence does not "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314. Plaintiff also fails to demonstrate that such purported conduct prevented Plaintiff from presenting his case fully and fairly. The Third Motion to Reopen will be denied.

### D. Fourth Motion to Reopen

In the Fourth Motion to Reopen, Plaintiff moves under Rule 60(b)(3) for relief from the Dismissal Order on the basis that Defendant's counsel "misrepresented facts" in Defendant's response in opposition to the Third Motion to Reopen. (Doc. 86 at 2). Specifically, Plaintiff appears

to argue that Defendant's counsel "fraudulently" referenced the November 21, 2019 FOIA response from the Department to Plaintiff as the newly discovered evidence, when the newly discovered evidence was the February 13, 2020 FOIA response from OPM. *Id.* at 3, 5. Next, despite claiming that he seeks relief under Rule 60(b)(3), Plaintiff argues that his request meets the requirements for Rule 60(b)(2) motions, citing evidence provided with the Third Motion to Reopen, such as the February 13, 2020 FOIA response from OPM. *Id.* at 5–6.

To the extent that Plaintiff seeks relief under Rule 60(b)(2) and relies upon the same evidence provided with the Third Motion to Reopen, the Fourth Motion to Reopen serves as an improper reply or further memorandum directed towards the Third Motion to Reopen, as Plaintiff did not request or receive the Court's leave. *See* Local R. M.D. Fla. 3.01(c) ("No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave."). Further, Plaintiff's arguments are unpersuasive. For example, to establish that the previously provided evidence is material, Plaintiff simply argues that "newly discovered evidence was provided to me by [OPM] on February 13, 2020, and it cannot be disputed." (Doc. 86 at 6). Similarly, to argue that this previously provided evidence would produce a different outcome, Plaintiff merely concludes that the evidence "warrants the reopening of the original complaint, as the Plaintiff clearly referenced Intentional Employment Discrimination – Intentional Creation of a Fake Police Officer position in his Jurisdictional Requirement and Statement in Support of Claim (in which relief could be granted) . . . ." *Id.*

Plaintiff claims that OPM's February 13, 2020 FOIA response and enclosed records constitutes "clear and convincing evidence showing fraud" because the Department "fraudulently provided the same letter from Mr. Shelby and claimed that this letter was the letter that approved the creation and posting of the Direct Hire Authority Police Officer position on April 3, 2017, for

11

which the [Department] provided an approval letter from OPM dated January 24, 2018." *Id.* at 6. Although Plaintiff's argument here is more detailed than his argument in the Third Motion to Reopen, he nonetheless makes the same argument that the evidence enclosed with the February 13, 2020 FOIA response demonstrates fraud. Thus, to the extent that he relies upon the same evidence provided with the Third Motion to Reopen to seek relief under Rule 60(b)(3) again, the Fourth Motion to Reopen constitutes an improper reply or further memorandum directed towards the Third Motion to Reopen because Plaintiff did not request or receive the Court's leave. *See* Local R. M.D. Fla. 3.01(c).

As discussed, in response to Plaintiff's FOIA request for a copy of the Direct Hire Authority Request to OPM by the Chief Human Capital Officer at the time . . . or equivalent to create" the position under the Second Vacancy Announcement "on April 3, 2017, and . . . a copy of the OPM's approval for that position," OPM produced the January 24, 2018 letter and the redacted letter from Mr. Shelby, which requested direct-hire authority, as records "related to" Plaintiff's request. (Doc. 83-2 at 1–8). Plaintiff fails to explain how these records from December of 2017 and January of 2018 regarding police officer positions in general demonstrate that Defendant defrauded Plaintiff regarding the position under the Second Vacancy Announcement in April of 2017 or otherwise obtained the result through fraud, misrepresentation, or other misconduct. Finally, to the extent that Plaintiff seeks to rely on Defendant's response to the Third Motion to Reopen as his basis for this motion, Plaintiff's displeasure with Defendant's argument in opposition to the Third Motion to Reopen does not serve as a valid basis to grant Plaintiff relief from the Dismissal Order. The Fourth Motion to Reopen will be denied.

### E. Motion for Sanctions

In the Motion for Sanctions, Plaintiff moves for sanctions against Defendant's counsel under Rule 11 based on her response in opposition to Plaintiff's Third Motion to Reopen on behalf of Defendant. (Doc. 88 at 2). Plaintiff again argues that Defendant's counsel incorrectly characterized the newly discovered evidence in responding to the Third Motion to Reopen. *Id.* Plaintiff reiterates that the November 21, 2019 FOIA response came from the Department and that the February 13, 2020 response from OPM response contradicts the Department's "fraudulent" response. *Id.* As a sanction, Plaintiff asks the Court to "reopen" his original complaint, which was filed on August 30, 2018, order Defendant's counsel to "respond to all 3 claims supported by the evidence," and, if Defendant's counsel cannot dispute such evidence, then the Court should award Plaintiff either $300,000 and the job he applied for, or $900,000 and the lifting of the illegal ban against him. *Id.* at 4.

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11. Relevant here, a party who presents a pleading, motion, or other paper to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Despite citing these rules and asserting generally that Defendant's counsel violated Rule 11(b)(2) for "fraudulently" misrepresenting facts in the response to the Third Motion to Reopen, Plaintiff fails to offer any explanation for why the response runs aground of Rule 11(b)(2). Indeed, Plaintiff provides no case law or other legal authority in support of his argument that the response constitutes sanctionable conduct. Plaintiff also does not address

13

whether he complied with the safe harbor provision under Rule 11.[4] *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served . . . but it must not be filed or presented to the Court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). The Court previously advised Plaintiff to avoid filing frivolous motions for sanctions in this action when it denied four construed motions for sanctions. (Doc. 75 at 10). The Motion for Sanctions will be denied.

### F. Fifth Motion to Reopen

In the Fifth Motion to Reopen, Plaintiff requests relief from the Dismissal Order under Rule 60(b)(2) and (3). (Doc. 90 at 1). Plaintiff also requests "Summary Judgment for the relief demanded" in the second amended complaint. *Id.* at 5. This time, Plaintiff provides a May 11, 2020 letter from OPM in response to Plaintiff's March 24, 2020 FOIA appeal. (Doc. 90-1 at 1). This letter provides:

> As I understand it, you are seeking a copy of any OPM [direct-hire authority] approval to the VA that may have been in effect on April 3, 2017. You have appealed the initial response because the copy of the [direct-hire authority] approval you were sent had a date of January 2018, *and therefore would not have applied to a hiring in April of 2017* . . . . OPM officials confirmed that there are no records responsive to your request.

*Id.* (emphasis added).

Plaintiff contends that this evidence shows that Defendant lacked the authority to create the position under the Second Vacancy Announcement and that it was a fake position. (Doc. 90 at 2). Plaintiff further argues that the evidence shows that Defendant never made a written request to OPM to create the position under the Second Vacancy Announcement, "which would justify the

---

[4] An e-mail attached to the Fourth Motion to Reopen demonstrates that Plaintiff sent a motion for sanctions bearing the same title as the Motion for Sanctions to Defendant's counsel on March 5, 2020, prior to Plaintiff's filing the Motion for Sanctions on March 27, 2020. (Doc. 86-4 at 2).

reopening of this case" as a result of Defendant's counsel "fraudulently" attempting to cover up such fact by "having the [Department] provide [him] with a fraudulent FOIA response dated November 21, 2019 . . . ." *Id.* Plaintiff concludes by claiming that he did not fail to state a claim of intentional employment discrimination and reciting the facts in support of that claim and the relief sought in the second amended complaint. *Id.* at 4–5.

Plaintiff again fails to address any of the requirements for a Rule 60(b)(2) motion, including materiality and diligence. Further, as with Plaintiff's other motions to reopen, Plaintiff fails to explain why this new evidence renders his claims plausible or otherwise produces a different outcome. These failures are fatal to the motion's success. The May 11, 2020 OPM letter also highlights the frivolity of the prior motions to reopen, to the extent that those motions relied upon OPM's January 24, 2018 correspondence approving the request for direct-hire authority to fill positions at the Department, as this correspondence "would not have applied to a hiring in April of 2017." (Doc. 90-1 at 1). Plaintiff has also failed to prove by clear and convincing evidence that Defendant obtained the result through fraud, misrepresentation, or other misconduct, nor has Plaintiff demonstrated that "the conduct prevented [him] from fully and fairly presenting his case or defense." *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314 (internal quotation marks omitted). Plaintiff merely claims that Defendant's counsel fraudulently attempted to cover up the Department's lack of a written request to OPM by "having the VA provide [him] with a fraudulent FOIA response" and that the May 11, 2020 letter "pertains to the fraudulent FOIA Response" given to him by the Department. (Doc. 90 at 2–3). This argument falls short.

Finally, Plaintiff's recitation of certain allegations and requests for relief are improper for a motion seeking relief under Rule 60(b)(2) and (3). Likewise, to the extent that Plaintiff seeks

summary judgment on any claims, such a request is also improper because the Court has already dismissed those claims with prejudice. The Fifth Motion to Reopen will be denied.[5]

### G.  Motion Requesting Court Order

In the Motion Requesting Court Order, Plaintiff moves for an order granting his Fifth Motion to Reopen. (Doc. 96 at 1). Plaintiff argues that, in a new case that Plaintiff has filed against Defendant and Attorney General William Barr in this district, *Hooker v. Wilkie, et al.*, No. 8:20-cv-1248-02CPT (M.D. Fla.), Defendant's counsel has "acknowledge[d]" that OPM's May 11, 2020 letter regarding no direct-hire authority approval records were found to be applicable to April 3, 2017. (Doc. 96 at 2). Plaintiff next, once again, characterizes the response of Defendant's counsel in opposition to the Third Motion to Reopen as "fraudulent[]." *Id.* at 3. Plaintiff also claims that Defendant's counsel "fraudulently failed" to recognize a basis to reopen this case "for alleged misrepresentation or otherwise" in Defendant's response to the Motion for Sanctions. *Id.* at 4. Finally, Plaintiff concludes by asserting that he did not fail to state a claim for intentional employment discrimination and reciting alleged facts and requested relief. *Id.* at 5.

To the extent that Plaintiff requests an order granting his Fifth Motion to Reopen, such request is denied, as the Court has already denied the Fifth Motion to Reopen. Plaintiff's argument does not compel a different result, either, as a purported acknowledgment by Defendant's counsel in another case that OPM's May 11, 2020 response that "no direct hire authority approval records were discovered applicable to the specific date of April 3, 2017," does not serve as a basis for granting the Fifth Motion to Reopen, which sought relief under Rule 60(b)(2) and (3). Plaintiff

---

[5] Plaintiff also filed an unauthorized reply, purportedly in response to Defendant's request in its response to be relieved from responding to Plaintiff's motions, in which he "requests a ruling of Summary Judgment" and argues that the factors of Rule 60(b) are satisfied. (Doc. 93 at 1, 3–6). This practice is improper, and Plaintiff's arguments are unavailing. *See* Local R. M.D. Fla. 3.01(a)–(c).

offers no argument that this purported acknowledgement by Defendant's counsel meets the requirements of Rule 60(b)(2) or Rule 60(b)(3), either. Finally, the Court construes the Motion Requesting Court Order as a reply or further memorandum, for which Plaintiff did not receive leave, directed towards the Fifth Motion to Reopen, as Plaintiff presents argument for why the Court should grant that motion. This practice is improper. *See* Local R. M.D. Fla. 3.01(c). The Motion Requesting Court Order will be denied.

### H.  Supplemental Motion to Reopen

Finally, in the Supplemental Motion to Reopen, Plaintiff seeks relief from the Dismissal Order, which he incorrectly characterizes as dismissing his first amended complaint, in accordance with Rule 60(b)(3). (Doc. 98 at 1). He asserts that the basis for this request is to present newly discovered evidence from Defendant, which allegedly demonstrates that Defendant did not have authority from OPM to create the position under the Second Vacancy Announcement, as alleged in "Claim C" of his first amended complaint. *Id.* at 2. Plaintiff provides a July 5, 2020 FOIA request to Defendant for Defendant's "Copy of OPM Approval Letter to create and post the Direct Hire Authority Police Officer position under [the Second Vacancy Announcement] on April 3, 2017 . . . ." (Doc. 98-1 at 1). Plaintiff also provides a July 10, 2020 response to this request from the Department, which states that the Department was unable to locate records responsive to Plaintiff's request. (Doc. 98-5 at 1–2). Plaintiff claims that this July 10, 2020 response justifies "reopening [his] case." (Doc. 98 at 3). Plaintiff again argues that he did not fail to state a claim of intentional employment discrimination, this time arguing that he did not fail to state a claim for which relief could be granted in Claims "A," "B," and "C" of his first amended complaint. *Id.* at 4.

Yet again, Plaintiff fails to "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct" or that "the conduct presented the losing party from fully and fairly presenting his case or defense." *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314. To the extent that Plaintiff seeks relief under Rule 60(b)(2) for this evidence, despite asserting that he seeks relief under Rule 60(b)(3), he again fails to satisfy the requirements of Rule 60(b)(2). And, as repeatedly emphasized, Plaintiff's argument that he stated claims upon which relief could be granted is inappropriate for a motion under Rule 60(b)(2) or (3). The Supplemental Motion to Reopen will be denied.

## IV.   CONCLUSION

Each of Plaintiff's motions is due to be denied. Plaintiff is hereby instructed to cease filing frivolous motions in this closed action. **If Plaintiff continues such conduct in this action, the Court will entertain a motion by Defendant to revoke Plaintiff's CM/ECF access for this case, impose sanctions against Plaintiff, issue a *Martin-Trigona* injunction[6] against Plaintiff, or issue similar relief.**

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's "Motion to Reopen 2nd Amended Complaint USDC Case No. 8:18-cv-02000-CEH-JSS" (Doc. 77) is **DENIED**.

2. Plaintiff's "2nd Motion to Reopen USDC Case No. 8:18-cv-02000-CEH-JSS – Rule 60(b)(3) of Fed Rules of Civ. Pro." (Doc. 80) is **DENIED**.

---

[6] *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), *on remand*, 592 F. Supp. 1566 (D. Conn. 1984), *aff'd*, 763 F.2d 140 (2d Cir. 1985). The Eleventh Circuit has "cited the Second Circuit's decision in the *Martin-Trigona* case for the authority that federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993) (internal quotation marks and alteration omitted).

3. Plaintiff's "Motion to Reopen Original USDC Case No. 8:18-cv-02000-CEH-JSS Based on OPM Evidence Showing VA Fraud" (Doc. 83) is **DENIED**.

4. Plaintiff's "Motion to Reopen Original USDC Case No. 8:18-cv-02000-CEH-JSS Based on Misrepresentation in Document 85" (Doc. 86) is **DENIED**.

5. Plaintiff's "Motion for Sanctions for Attorney Fraud upon the Court – Document 85" (Doc. 88) is **DENIED**.

6. Plaintiff's "Motion to Reopen Amended USDC Case No. 8:18-cv-02000-CEH-JSS Based on Newly Discovered Evidence Proving Fraud and Motion for Summary Judgment" (Doc. 90) is **DENIED**.

7. Plaintiff's "Motion Requesting Court Order Granting (Document 90) – Plaintiff's Motion to Reopen Amended USDC Case No. 8:18-cv-02000-CEH-JSS Based on Newly Discovered Evidence Proving Fraud and Motion for Summary Judgment" (Doc. 96) is **DENIED**.

8. Plaintiff's "Supplemental to Documents (90) and (96) Motion to Reopen Amended USDC Case No. 8:18-cv-02000-CEH-JSS Based on Newly Discovered Evidence Proving Fraud and Motion for Summary Judgment" (Doc. 98) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 31, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any